# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EMINA POSKOVIC, | ) | CASE NO. 5:19-cv-1222 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| D2 MANAGEMENT, LLC, | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiff, Emina Poskovic ("Poskovic"), for default judgment against defendant, D2 Management, LLC ("D2"), pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. No. ["Mot."] 10.) Poskovic also seeks attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). (*Id.*) For the following reasons, the motion is **GRANTED** in part and **DENIED** in part.

## I. Background

In March 2019, Poskovic (who is a consumer under the Fair Debt Collection Practices Act ("FDCPA")) began receiving phone calls from D2 (a debt collector under the FDCPA) regarding an unpaid debt from 2006. (Doc. No. 1 ["Compl."] ¶¶ 5, 14–15.) During a March 14, 2019 phone call, Paskovic expressed skepticism about the veracity of the unpaid debt and requested that D2 verify the debt in writing. (*Id.* ¶¶ 16–17.) D2 then took an aggressive and derogatory tone. (*Id.* ¶ 18.) D2 continued to call Poskovic even though the debt was no longer

legally enforceable because the statute of limitations had expired. (*Id.* ¶¶ 19-20.)

Poskovic filed this action pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq.* on May 29, 2019. (*See* Compl.) D2 was served with a copy of the summons and complaint on June 18, 2019. (Doc. No. 6 at 30[1].) D2 has failed to enter an appearance in this action and a default was entered on July 24, 2019. (*See* Doc. No. 8.) Poskovic filed the instant motion for default judgment on August 27, 2019 (*See* Mot.)

## II. Discussion

Under Rule 55, the clerk must enter a default against a party who has failed to plead or otherwise defend against a judgment for affirmative relief. Fed. R. Civ. P. 55(a). After a default is entered, the party seeking relief must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint…." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). While the factual allegations related to liability are taken as true, the court "is required to 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Gilden v. Platinum Holdings Grp., LLC*, No. 1:18-cv-343, 2019 WL 590745, at *2 (S.D. Ohio Feb. 13, 2019) (quoting *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *4 (E.D. Mich. June 23, 2010)).

A plaintiff who establishes a FDCPA violation may recover (1) actual damages, (2) statutory damages not to exceed $1,000, and (3) reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a). In her motion for default judgment, Poskovic does not claim any actual damages but

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

seeks $1,000 in statutory damages and attorney's fees and costs in the amount of $3,221.80. (Mot. at 40.)

When awarding statutory damages, the court must consider, among other relevant factors, (1) the frequency and persistence of the debt collector's FDCPA noncompliance, (2) the nature of the noncompliance, and (3) whether the noncompliance was intentional. 15 U.S.C. § 1692k(b). Accepting the pleadings as true, D2 made at least two calls to Poskovic, though the exact number of calls is unclear from the complaint. (Compl. ¶¶ 14–19.) Poskovic asserts that D2 violated the FDCPA by falsely representing that the debt was actionable when, in fact, collection was time-barred. (Compl. ¶¶ 20, 22–32.) D2 knew the 2006 debt was "time-barred and was merely trying to influence [Poskovic] to pay the debt without dispute." (*Id.* ¶ 32.) Because the complaint alleges several intentional FDCPA violations—which must be taken as true—the Court finds it is appropriate to award the full $1,000 in statutory damages.

Poskovic also requests $3,221.80 in attorney's fees but she has failed to establish that this amount is reasonable. *See Thompson v. Citizens Nat'l Bank*, No. 1:14-CV-1197, 2016 WL 7238835, at *3 (N.D. Ohio Dec. 15, 2016) ("The party seeking attorney fees bears the burden of proving the reasonableness of the hourly rates claimed."); *Dowling v. Litton Loan Servicing LP*, 320 F. App'x. 442, 447 (6th Cir. 2009) ("A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney.") (quotation marks and citation omitted). Consideration of Poskovic's request for attorney's fees is made under the "lodestar" approach. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). In making the lodestar calculation, "[t]he most useful starting point

… is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).[2]

Along with motion for default judgment, Poskovic's counsel submitted the affidavit of attorney Joseph S. Davidson, (the "Davidson Affidavit") (Doc. No. 10-2) and an "itemization of fees and costs" (the "Invoice") setting forth the fees and costs associated with this matter as $3,221.80 ($2,762.50 in attorney's fees and $459.30 in costs). (Doc. No. 10-1 [Invoice].) The Invoice outlines the work performed and the time spent on each activity but provides very little additional detail. The Invoice indicates that two timekeepers—J. Davidon and M. Barry—spent a total of 11.1 hours working on this matter. (*See id.*) Neither the Invoice, nor the Davidson Affidavit, explicitly identify which timekeepers are attorneys.[3] Poskovic's counsel also failed to provide the timekeepers' hourly rate. Conveniently, both timekeepers have entries for precisely one hour, so the Court is able to deduce their rates—$375 for J. Davidson and $125 for M. Barry. The Court finds that the number of hours expended on this matter are reasonable given the scope and nature of the case.

Poskovic has failed to establish that her out-of-state attorney's rates are reasonable. The community market rule is used to determine a reasonable hourly. *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 221 (W.D. Mich. 2018) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). Under the rule, reasonable attorney fees are to be calculated based on the prevailing

---

[2] Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Hensley,* 461 U.S. at 430, n. 3.

[3] While the Court will assume that "J. Davidson" is attorney Joseph Davidson, "M. Barry's" role in this case is entirely unclear.

rate in the relevant community. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quotation marks and citation omitted). The prevailing market rate is the rate "which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record…." *Id.* Poskovic's counsel is from Illinois. But Poskovic has not argued that she was unable to locate competent local counsel to handle her case,[4] nor has she argued that an exception to the community market rule is appropriate. As such, the Court will assess the reasonableness of the requested rates by looking to the prevailing market rate in the greater-Cleveland area.

When considering a motion for attorney's fees, a timekeeper's "experience and expertise are important factors in determining whether a requested rate is reasonable." *Trs. of the Bldg. Laborers Local 310 Pension Fund v. Able Contracting Grp., Inc.*, No. 06CV1925, 2009 WL 792472 at *5 (N.D. Ohio Mar. 23, 2009) (collecting cases). The Davidson Affidavit, however, does not provide any support (such as the experience and expertise of the listed timekeepers) for their requested hourly rate. Therefore, the Court is left to speculate whether the requested rates are reasonable.

Fortunately, the Court is not limited to Poskovic's submissions when determining the reasonableness of an attorney's hourly rate. *See id.* The Court may also consider its own knowledge and experience in awarding attorney's fees in similar cases, *see Ousley v. Gen. Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006), and "state bar surveys containing information as to hourly rates within the court's venue for attorneys of different amounts of experience in different sized practices and with different specialties." *Kelly*

---

[4] The Court finds that Poskovic could have found competent local counsel to handle her FDCPA case.

*v. Montgomery Lynch & Assoc., Inc.*, No. 1:07-CV-919, 2008 WL 4560744, at *5 (N.D. Ohio Oct. 8, 2008). According to the Ohio State Bar Association's most recent data, a billing rate of $375 per hour is in the 95th percentile of attorney billing rates for attorneys with three years of experience in the greater Cleveland area. *See* The Ohio State Bar Association's *The Economics of Law Practice in Ohio in 2013: A Desktop Reference* ("OSBA Survey"), at 42, https://www.ohiobar.org/NewsAndPublications/Documents/OSB_EconOfLawPracticeOhio (last visited Nov. 15, 2019). And only 13.2% of attorneys with five years of experience have billing rates greater than $273 per hour. *Id.*

When analyzing the reasonableness of a request for attorney's fees, courts may consider attorney's fee awards in similar cases. *Johnson v. Conn. Gen. Life Ins., Co.*, No. 5:07-cv-167. 2008 WL 697639, at *5 (N.D. Ohio Mar. 13, 2008). Several courts in this district have found that $200–$300 per hour is reasonable in FDCPA cases. *Ruberto v. Everest Asset Mgmt., LLC*, No. 4:11cv2178, 2012 WL 5947687, at *2 (N.D. Ohio Nov. 28, 2012) (awarding $200 per hour); *Harding v. Check Processing, LLC*, No. 5:10CV2359, 2011 WL 1097642, at *3 (N.D. Ohio Mar. 22, 2011) (finding $250 and $300 per hour reasonable). Based on the Court's knowledge of attorney's fees in civil litigation in the Northeast Ohio area, other court's findings in similar cases, and the OSBA Survey, (and because the Davidson Affidavit is silent as to timekeeper J. Davidson's skill and experience) the Court finds that a billing rate of $200 is reasonable. Accordingly, the Court finds that the lodestar amount for work conducted by timekeeper J. Davidson—reasonable hours (7) multiplied by reasonable rates ($200)—is $1,400. Poskovic's counsel does not claim that the amount should be adjusted based on the twelve *Hensley* factors, and the Court finds no reason to stray from the lodestar amount.

Poskovic's counsel has not met its burden of showing that fees related to work conducted by M. Barry are reasonable. The Davidson Affidavit does not provide any insight into the timekeeper's role in this action. The Court cannot determine whether M. Barry's rate is reasonable without *some* insight into his or her position, skills, or training. While work conducted by non-attorneys may be compensable, the Court is unable to determine whether M. Barry's requested rate of $125 per hour is reasonable without knowing whether he or she was a paralegal, legal assistant, administrative assistant, etc. *See Snyder v. Comm'n of Social Sec.*, No. 1:06 CV 2737, 2011 WL 66458, at *2 (N.D. Ohio Jan. 10, 2011) ("[W]ork done by non-attorneys such as paralegals or law clerks, may be compensable….").

Poskovic also seeks costs in the amount of $459.30 ($400 for the filing fee, $52.50 in fees related to "R.O.S. Consulting Inc.", and $6.80 in postage). (*See* Invoice.) The Court finds that the $400 filing fee and $6.80 in postage is reasonable. However, Poskovic's counsel failed to provide sufficient detail for the Court to determine whether its expense related to R.O.S. Consulting, Inc. was reasonable and, therefore, is not entitled to recover this charge.

### III. Conclusion

For the aforementioned reasons, the Court grants Poskovic's motion for default judgement in the amount of $1,000 in statutory damages. The Court additionally awards attorney's fees and costs to Poskovic in the amount of $1,806.80 ($1,400 attorney's fees and $406.80 in costs).

**IT IS SO ORDERED**.

Dated: December 11, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**